GIOVANNA H. FESSENDEN
BBO# 654681 (*Pro Hac Vice Pending*)
giovanna.fessenden@hbsr.com
JOHN L. DUPRÉ
BBO# 549659 (*Pro Hac Vice Pending*)
john.dupre@hbsr.com
SAMUEL J. SUSSMAN
BBO#696909 (*Pro Hac Vice Pending*)
samuel.sussman@hbsr.com
HAMILTON, BROOK, SMITH & REYNOLDS, P.C.
530 Virginia Rd.
Concord, MA 01742
Telephone:   978.341.0036
Facsimile:    978.341.0136

TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

Attorney for Plaintiff
PHARMACA INTEGRATIVE PHARMACY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARMACA INTEGRATIVE PHARMACY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LOCKET IP LLC,<br><br>Defendant. | Case No.: 3:22-cv-01539<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Pharmaca Integrative Pharmacy, Inc. ("Pharmaca") files this complaint against Defendant Locket IP LLC ("Locket") and alleges:

**NATURE OF THE ACTION**

1. This is an action to protect Pharmaca and its customers from a meritless patent lawsuit. This action concerns Locket's baseless allegations that Pharmaca's Website, https://www.pharmaca.com/, infringes U.S. Patent No. 9,836,190 (the "'190 Patent").

2. Pharmaca brings this action for declaratory judgment that Pharmaca did not and does not infringe, either directly or indirectly, the '190 Patent, that the '190 Patent is invalid, and that the '190 Patent is not enforceable by Locket. This action is necessary to resolve the real and immediate controversy regarding Locket's claims of infringement directed to Pharmaca in the letter received January 31, 2022, attached hereto as Exhibit A. As a result of Locket's communication to Pharmaca of its belief that Pharmaca's Website infringes the '190 Patent, Pharmaca is under reasonable apprehension of action by Locket.

**THE PARTIES**

3. Pharmaca is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 4940 Pearl East Cir., Suite 301, Boulder, CO 80301, that owns and operates retail pharmacy stores throughout the United States, including at least ten stores within the Northern District of California. Pharmaca has been in the business of retail pharmacy goods and services since at least 2000. Pharmaca has operated the Pharmaca's Website since at least 2010. Visitors use the Pharmaca's Website to contact, interact with, and find their local retail pharmacy stores, including visitors who find retail pharmacy stores within the Northern District of California.

4. Locket is allegedly a Texas limited liability company with its principal place of business at 3333 Preston STE 300- #1039, Frisco, TX 78701. On information and belief, Locket was registered with the Texas Secretary of State on July 14, 2021.

5. On information and belief, Locket is a patent assertion entity that was formed for the sole purpose of monetizing patents. On information and belief, Locket monetizes its patents by threating to file suit against companies, such as Pharmaca, for the purposes of obtaining

licensing and settlement amounts measured by the cost of litigation and/or post grant proceedings. Locket is affiliated with IP Edge LLC ("IP Edge"), that introduced itself as "the licensing advisor for Locket." See Exhibit A. On information and belief, Locket is at least partially owned or controlled by IP Edge or the principals of IP Edge. IP Edge is a Texas based patent assertion entity that, on information and belief, has brought more than 3500 patent infringement actions to date.

**JURISDICTION AND VENUE**

6. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Pharmaca seeks declaratory relief under the Declaratory Judgment Act.

7. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1338, because the Complaint states claims arising under an Act of Congress relating to patents, 35 U.S.C. §271.

8. This Complaint also arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. based on Locket's accusations against Pharmaca of patent infringement and pattern of actual litigation, thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202. In particular, there is an active, substantial case or controversy between Pharmaca and Locket having adverse legal interests regarding whether Pharmaca infringes any claims of the '190 Patent, and whether such patent is valid, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

9. This Court has personal jurisdiction over Locket pursuant to the laws of the State of California, including California's Long Arm Statute, California Code of Civil Procedure § 410.10.

10. This Court also has personal jurisdiction over Locket because Locket has purposefully directed its patent enforcement and licensing activities against Pharmaca who has a significant presence within the Northern District of California. Furthermore, as, on information and believe, Locket's sole purpose and business is patent enforcement and licensing activities, it

has conducted business within the Northern District of California at least by its interactions with Pharmaca.

11. Locket is an affiliate of IP Edge. On information and belief IP Edge utilizes a network of non-practicing entities to file patent litigation complaints across the United States and in the Northern District of California. On information and belief, the entities Enchanted IP LLC and Reigntek IP LLC are both, like Locket, affiliates of IP Edge. Enchanted IP LLC and Reigntek IP LLC have filed and litigated at least in the following cases, *Enchanted IP LLC v. Tenergy Corporation*, 4-19-cv-05512 (NDCA 2019), *Enchanted IP LLC v. Sunvalleytek International, Inc. d/b/a RAVpower*, 4-19-cv-05513 (NDCA 2019), *Reigntek IP LLC v. BitTorrent, Inc.* 3-18-cv-05634 (NDCA 2018), and *Reigntek IP LLC v. Spotify USA Inc.* 5-18-cv-05633 (NDCA 2018) in the Northern District of California. Therefore, because similar IP Edge affiliates voluntarily litigated at least four cases in this district, this Complaint will not impose an undue burden on Locket and this Court has personal jurisdiction over Locket.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial portion of the events giving rise to this action, the operation and utilization of Pharmaca's Website, occurred within the Northern District of California. In fact, over 30% of Pharmaca's retail stores are located within the Northern District of California and these stores employ a large number of employees and serve a large number of customers. Among these employees and customers witnesses who may have knowledge relevant to the issues in this case.

13. For these reasons and the reasons set forth below, a justiciable controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## BACKGROUND

14. On January 31, 2022, Pharmaca received a letter, attached as Exhibit A, from Locket, through its counsel IP Edge. The letter asserts that Locket is the owner of U.S. Patent No. 9,836,190. The letter further asserts that "Pharmaca is infringing the Locket Patent by making, using, selling and/or offering for sale, as well as instructing Pharmaca customers to use the Pharmaca Product." The letter defines the "Pharmaca Product" as "the Pharmaca Website."

15. The letter set by Locket is signed by its counsel, Mr. Gautham Bodepudi of IP Edge. In the letter, Locket IP identifies IP Edge as its "licensing advisor."

16. Upon information and belief, Mr. Bodepudi and IP Edge are linked with a large number of non-practicing entities, that have acquired large numbers of patent properties from companies with the intention of launching patent infringement suits against companies. Upon information and belief, these non-practicing entities seek quick settlements by creating risk and exploiting the exorbitant costs of litigation. As a result, they are able to often extract, in aggregate, significant sums.

17. Upon information and belief, Mr. Bodepudi and IP Edge are linked with many entities including, but not limited to, Magnolia Licensing LLC, Sunflower Licensing LLC, Bataan Licensing LLC, Diatek Licensing LLC, Freetek Holdings, LLC, Triumph IP LLC, Array IP LLC, Hermes Licensing LLC, Kittleg Holdings LLC, Longbeam Technologies LLC, Spiral IP LLC and Wiesblatt Licensing LLC.

18. Upon information and belief, Locket is also a non-practicing entity; its business is to sue or threaten to sue successful operating companies – commonly referred to as a patent troll. Upon information and belief, Locket offers no products or services aside from its licensing of the '190 Patent.

19. As admitted to in the received letter, Locket is affiliated with IP Edge, one of the most litigious non-practicing entities ever. On information and belief, the received letter is a form letter utilized by Locket and other IP Edge affiliated entities in the course of their business of monetizing patents by regularly threatening to file suit against companies with the goal of receiving a settlement or licensing payment substantially less than the recipient's cost of defense of a patent infringement action.

20. On information and belief, the '190 Patent was acquired by Magnolia Licensing LLC ("Magnolia") another Texas based patent assertion affiliate of IP Edge who then assigned it to Locket on August 14, 2021; the assignment recorded on Reel/Frame: 057228 / 0079. The '190 Patent was one of 866 patents acquired by Magnolia from Thomson Licensing S.A.S. on July 8, 2020 ("Thomson Portfolio"); the assignment recorded on Reel/Frame: 057228 / 0079.

21. On information and belief, Locket is only one of many IP Edge related non-practicing entities that received rights in patents in the Thomson Portfolio. On information and belief, the IP Edge related non-practicing entities Bataan Licensing LLC, Sunflower Licensing LLC, and Triumph IP LLC were also assigned rights from Magnolia in patents in the Thomson Portfolio. Since July 27, 2021, Bataan Licensing LLC, Sunflower Licensing LLC, and Triumph IP LLC filed 25 complaints alleging patent infringement.

22. On information and belief, the received letter and Locket's actions are part of IP Edge's, and its related entities, widespread and disruptive monetization strategy of the patents acquired in the Thomson Portfolio. On information and belief, the Thomson Portfolio is only one of many sets of patent rights collected by IP Edge and its network of affiliated non-practicing entities that are used to extract unjustified license fees and settlement payments from practicing entities such as Pharmaca.

23. The inventors named on the '190 Patent are as follows:

| Inventor | Location |
|---|---|
| Jason Douglas Pickesrsgill | Los Angeles, CA (US) |
| Gregory Gudorf | Sunland, CA (US) |
| Kenneth Alan Rudman | South Pasadena, CA (US) |
| Vasil Nadzakov | Los Angeles, CA (US) |
| Andrew Yoon | Los Angeles, CA (US) |
| Roger Yeh | San Marino, CA (US) |
| Basil Badawiyeh | Santa Clarita, CA (US) |
| Genevieve Marie Pinvidic | Burbank, CA (US) |
| Dana Shawn Forte | Castaic, CA (US) |
| Dan Han Diep | San Gabriel, CA (US) |
| Samir M. Ahmed | Glendale, CA (US) |
| Lee Douglas Shartzer | Valencia, CA (US) |
| John Frederick Bishop | Santa Monica, CA (US) |
| James Earl Booth | Burbank, CA (US) |
| Hao Chi Tran | El Monte, CA (US) |

| | | |
|---|---|---|
| • | Peter S. Lee | Calabasas Park, CA (US) |
| • | Mark Leroy Walker | Castaic, CA (US) |
| • | David Pettigrew | San Francisco, CA (US) |

24. On information and belief, there is no assignment recorded from any of the listed inventors to Thomson Licensing S.A.S or any other entity. In its letter, Locket asserts it is the purported owner of the '190 Patent. However, there is no indication of Locket's relation to the '190 Patent.

25. The '190 Patent is entitled "Method and Apparatus for Restricting User Operations When Applied to Cards or Windows" and is attached hereto as Exhibit B. The '190 Patent is national stage entry of PCT Patent No. PCT/ U S2011 / 066420 filed December 21, 2011 and claims priority from Provisional Applications Nos. 61/429,741 and 61/426,509 filed January 4, 2011 and December 22, 2010 respectively.

26. Locket, with its January 31, 2022 letter to Pharmaca, provided a claim chart that claims that asserts that the Pharmaca Website, https://www.pharmaca.com/ and specifically the page https://www.pharmaca.com/host-defense-lion-s-mane-120-vcaps, infringes the '190 Patent. The enclosed claim chart is attached hereto as Exhibit C. Pharmaca has operated the, website, https://www.pharmaca.com/, at least since January 2, 2011, before the priority date of at least one of the Provisional Applications that the '190 Patent indirectly claims priority to. Attached hereto as Exhibit D, is an archive of the website, https://www.pharmaca.com/, on January 2, 2011 recorded by the way back machine.

27. The letter and provided claim chart allege that Pharmaca infringes claim 1 of the '190 Patent which recites:

A method for displaying a user interface comprising:

generating a plurality of cards for a display area;

allowing cards from the plurality of cards that reside in a locked zone to be moved in a first direction;

restricting cards from the plurality of cards that reside in a regular zone from being moved in said first direction;

allowing all of the cards from the plurality of cards that reside in the display area to be

moved in a second direction; and

allowing only cards disposed in said locked zone to be affected by a first set of user initiated operations;

allowing only cards residing in said regular zone to be affected by a second set of user initiated operations.

28. The accused Pharmaca Website does not infringe claim 1, or any other claim, of the 190 Patent, either directly or indirectly.

29. Claim 1 of the '190 Patent, if interpreted as applied in the provided claim chart, recites generic and widespread website features. These website features were incorporated into publicly available websites before the priority date of the '190 Patent, for non-limiting example by www.amazaon.com. If the accused Pharmaca Website infringes the '190 Patent, which it does not, the claims of the '190 Patent must be invalid because the alleged infringing elements of the Pharmaca Website were common in prior art before the '190 Patent.

30. The claims of the '190 Patent are also invalid, at least under 35 U.S.C. §103 because all of their elements were disclosed in the publications and working group of the World Wide Web Consortium (W3C) prior to December 22, 2010. The W3C is an international standards organization for the World Wide Web (WWW) and it has published voluminous documents related to the development of WWW protocol and internet protocol standards and schemas on controlling, displaying, orienting, locking, playing of media online. These documents include, but are not limited, to Use Cases and Requirements for Ontology and API for Media Resources 1.0, published January 21, 2010, Use cases and requirements for Media Fragments, published December 17, 2009, XHTML Media Types- Second Edition, published January 16, 2009, Synchronized Multimedia Integrations Language (SMIL 3.0), published December 1, 2008, Describing Media Content of Binary Data in XML, published March 4, 2005, and Synchronized Multimedia Modules based upon SMIL 1.0, published February 23, 1999.

31. The claims of the '190 Patent are also invalid, at least under 35 U.S.C. §103 because all of their elements were disclosed by and performed by the V8 open-source JavaScript engine that was initially released and made available to the public on September 2, 2008.

32. On information and belief, the '190 Patent is directed to a known and obvious method of displaying and manipulating display cards.

33. The '190 Patent is directed to the abstract idea of displaying and manipulating display cards. The fact that all of the elements of the claims of the '190 Patent can be found in foundational protocol publications and tools illustrates the fact that the '190 Patent only recites generic elements that with no specific technical solution or description.

34. In view of the Supreme Court's opinion in Alice Corp. v. CLS Bank International, 573 U.S. 208 (2014), because the '190 Patent merely recites an instruction to implement an abstract idea on a computer, e.g. enabling a user to lock (select) a card (media) on an user interface of a computer, and fails to recite more than generic computer components, it is invalid under at least 35 U.S.C. § 101.

35. The claims of the '190 Patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.

36. After Pharmaca, received Locket's letter, it investigated the claims of infringement therein and finding those claims unsupported and detrimental to Pharmaca. Pharmaca, therefore, brought this action herein to obtain just and speed resolution of this dispute.

**COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**
**U.S. PATENT NO. 9,836,190**

37. Pharmaca repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

38. Locket has alleged and continues to allege that the making, using, selling and/or offering for sale, as well as instructing Pharmaca customers to use, the Pharmaca Website infringed one or more claims of the '190 Patent.

39. Pharmaca does not sell or offer for sale the Pharmaca Website.

40. The making, using, selling and/or offering for sale, as well as instructing Pharmaca customers to use the Pharmaca Website, nor any other Pharmaca goods or services, did not and does not infringe the 190 Patent, directly or indirectly, literally or under the doctrine of equivalents.

41.     The Pharmaca Website does not infringe the '190 Patent at least because it does not perform a method that includes the limitations "allowing cards from the plurality of cards that reside in a locked zone to be moved in a first direction," "restricting cards from the plurality of cards that reside in a regular zone from being moved in said first direction," "allowing all of the cards from the plurality of cards that reside in the display area to be moved in a second direction" and "allowing only cards disposed in said locked zone to be affected by a first set of user initiated operations" as required by representative claim 1.

42.     Furthermore, the Pharmaca Website cannot infringe the '190 Patent because it does not include a display area for cards that reside in a locked zone and a regular zone.  The alleged "display area" on the Pharmaca Website is, in fact, multiple display areas that contain objects that behave uniformly within each display area.  Attached hereto as Exhibit E is an annotated screenshot of the webpage, https://www.pharmaca.com/host-defense-lion-s-mane-120-vcaps, identified in Locket's claim chart.  As shown in the Exhibit E, at most, Pharmaca Website has two separate display areas without "zones" with two separate sets of alleged "cards." Because the Pharmaca Website does not have display area for cards that reside in a locked zone and a regular zone, it cannot practice any of the limitations of the claims of the '190 Patent that recite those zones and their affects.

43.     Pharmaca does not directly infringe claim 1 of the '190 Patent because it does not perform each and every element of asserted claim 1, for at least the reasons set forth above.

44.     Pharmaca does not actively induce its customers to infringe claim 1 of the '190 Patent for at least the reasons set forth above.

45.     Pharmaca does not actively contribute to its customers' infringement of claim 1 of the '190 Patent for at least the reasons set forth above.

46.     An actual and justiciable controversy exists between Pharmaca and Locket as to Pharmaca's non-infringement of the '190 Patent.

47.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Pharmaca seeks a judgment it does not infringe the any claim of the '190 Patent.

**COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF**

**U.S. PATENT NO. 9,836,190**

48. Pharmaca repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

49. Locket has alleged and continues to allege that the making, using, selling and/or offering for sale, as well as instructing Pharmaca customers to use, the Pharmaca Website infringed one or more claims of the '190 Patent.

50. The '190 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

51. An actual and justiciable controversy exists between Pharmaca and Locket as to the validity of the '190 Patent.

52. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Pharmaca seeks a judgment the claims of the '190 Patent are invalid.

**COUNT III – UNENFORCEABILITY OF U.S. PATENT NO. 9,836,190**

53. Pharmaca repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

54. Locket has alleged and continues to allege that the making, using, selling and/or offering for sale, as well as instructing Pharmaca customers to use, the Pharmaca Website infringed one or more claims of the '190 Patent.

55. At least because there is no record of the inventors of the '190 Patent assigning their rights to Thomson Licensing S.A.S, Locket cannot establish that Thomson Licensing S.A.S have full right and legal title to assign ownership of the '190 Patent to Magnolia who subsequently assigned ownership of the '190 Patent to Locket. Therefore, Locket does not have sufficient rights and legal title to the '190 Patent necessary to enforce any allegation of infringement against Pharmaca.

56. An actual and justiciable controversy exists between Pharmaca and Locket as to the enforceability of the '190 Patent.

57. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Pharmaca seeks a judgment the '190 Patent is unenforceable by Locket.

**PRAYER FOR RELIEF**

WHEREFORE, Pharmaca prays for a declaratory judgment against Locket as follows:

A. Enter judgment that Pharmaca does not infringe any claim of the '190 Patent;

B. Enter judgment that each claim of the '190 Patent is invalid;

C. Enter judgment that the '190 Patent is unenforceable by Locket;

D. Declare that this case is exceptional under 35 U.S.C. § 285 and award Pharmaca its attorney's fees, costs, and expenses incurred in this action;

E. Award Pharmaca any and all other relief to which Pharmaca may show itself to be entitled; and

F. Award Pharmaca such other relief as the Court deem just, equitable, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 3-6, Plaintiff Pharmaca Integrative Pharmacy, Inc. hereby demands a trial by jury of all issues so triable.

Dated: March 10, 2022                           FENWICK & WEST LLP

                                                By: /s/ Todd R. Gregorian
                                                    Todd R. Gregorian

                                                Attorneys for Plaintiff
                                                PHARMACA INTEGRATIVE PHARMACY, INC.